```
                              FILED
                        CLERK, U.S. DISTRICT COURT

                            JAN 2 2 2014

                        CENTRAL DISTRICT OF CALIFORNIA
                        BY              DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO DELGADILLO,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIA A. HERNANDEZ, et al.,<br><br>    Defendants. | CASE NO. CV 13-9448-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

On December 23, 2013, Pedro Rivas lodged a Notice of Removal with respect to Los Angeles Superior Court Case No. 12CO3474 and an unlawful detainer complaint filed in that action on October 22, 2012 (the "Complaint"), and he presented an application to proceed *in forma pauperis*. The Complaint alleges what appears to be a routine state law unlawful detainer claim (the "Unlawful Detainer Action").[1] The Court has denied the *in forma pauperis* application under separate cover, because the Unlawful Detainer Action was not properly removed. To prevent the Unlawful Detainer Action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

---

[1] Mr. Rivas claims he is a defendant and cross-plaintiff in the Unlawful Detainer Action, although he is not named as a defendant in the Complaint.

Defendant Rivas alleges that the Complaint originally could have been filed in federal court based on either federal question jurisdiction or diversity jurisdiction. However, there is no basis for concluding that the Unlawful Detainer Action could have been brought in federal court in the first place, in that defendant Rivas does not competently allege facts supplying any basis for federal subject matter jurisdiction, and therefore, removal is improper. 28 U.S.C. § 1441; *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

With respect to federal question jurisdiction, the Complaint presents a routine state law unlawful detainer action and does not raise any federal question or issue. Defendant Rivas asserts that federal question jurisdiction exists, because he contends that plaintiff has violated the Fair Debt Collection Practices Act. Defendant Rivas's allegations regarding such a violation may be raised as a defense and/or cross-claim in the Unlawful Detainer Action. To invoke removal based upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint the removal of which is sought. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and "the question for removal jurisdiction must" be determined based upon the complaint's allegations). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* Even if defendant Rivas can assert a federal law violation to defend against the Unlawful Detainer Action in state court, any such defense or cross-claim does not confer federal question jurisdiction and, thus, is not a basis for removal.

With respect to diversity jurisdiction, in his Civil Cover Sheet, defendant Rivas asserts that both he and plaintiff are citizens of the State of California. However, in his Notice of Removal, defendant Rivas alleges that plaintiff is a corporation, which is incorporated, and has its principal place of business, in states other than California. That allegation is untrue. The Complaint expressly alleges, and plainly demonstrates, that plaintiff is an individual. Defendant Rivas's allegations with respect to the amount in

controversy also are inaccurate. The amount in controversy does not exceed the diversity jurisdiction threshold of $75,000; indeed, the Complaint expressly alleges that the amount demanded "does not exceed $10,000." *See* 28 U.S.C. § 1332. Moreover, as a California citizen, defendant Rivas may not remove this action on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(b)(2).

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 7500 E. Imperial Highway, Downey, CA 90242, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1/12/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE